## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Bruce A. Kaatz,
     Plaintiff,

- v -

Kingsbrook M.H.C., LLC, et al

    Defendants.

Case No.  23-cv-10604

Hon. Laurie J. Michelson
Magistrate Judge Kimberly G Altman

## JOINT CASE MANAGEMENT REPORT/DISCOVERY PLAN

1. **Related Cases:** There are no pending related cases or previously adjudicated related cases.

2. **Jurisdiction:** This case involves alleged handicap discrimination in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq. ("FHAA"). The Court has jurisdiction of this action pursuant to 42 U.S.C. § 3613, and as a federal question arising under the laws of the United States, as well as pursuant to 28 U.S.C. §§ 1331, 1337 & 1343

3. **Venue:** Venue is appropriate, under 28 U.S.C. § 1391, since the substantial part of the events giving rise to this action occurred in this

District, Plaintiff resides in this District, at least two Defendants reside in this District, Defendants conduct business in this District, and the residential rental property that is the subject of this action is located in this District.

4. **Factual Summary:**

*Plaintiff's Summary:* Plaintiff is elderly and disabled with mobility issues. He has two assigned parking spaces directly in front of his home. He has "double-parked" in these spaces for over 10 years to give him room to get in and out of his car.

Defendants repaved the streets in the mobile home park in 2022, and during construction the area in front of Plaintiff's home was inaccessible. Defendants told residents that they could park in unassigned parking spaces or at the office. Plaintiff notified Defendants that he is disabled and provided documentation in support. He requested that they reserve the closest unassigned parking spot to his home as an accommodation.

Defendants acknowledged his disability and acknowledged that there were unassigned spots closer to his home than the office, but said they would not accommodate him because, in their estimation, "there is room for you to comfortably walk from your home to any of the parking areas that have been offered."

As a result, Plaintiff ended up walking significantly longer distances because the closest spots were typically taken, and he had to park at the office or beyond. This resulted in aggravation of his physical injuries and mental and emotional anguish.

After the project was completed, Defendants began to cite Plaintiff for "double parking" violations for parking as he had for years. Plaintiff asked several times to be allowed to park in this manner as an accommodation for his disability, including documentation as before, and Defendants refused, telling him that he could park in the generally available handicapped spot further away than his existing parking spots that was not reserved for him. They punished him for requesting the accommodation by citing him again for "double parking" and threatened to evict him if he did so again.

Plaintiff, through counsel, attempted to engage in an interactive negotiation with Defendants—both directly and through their counsel—but received the same response. As a result of the above, Plaintiff has suffered aggravation to the physical injuries that initially made him disabled, as well as mental and emotional anguish, humiliation, and fear. He seeks injunctive relief, along with compensatory and punitive damages for violations of his rights under the Federal Fair Housing Act and the Michigan Persons with Disabilities Civil Rights Act.

*Defendants' Summary:* Defendants contend that they did not violate the Fair Housing Amendments Act of 1988, 42 U.S.C. §3601 et seq. and did not violate the Michigan Persons with Disabilities Civil Rights Ace, M.C.L. §37.1501-37.1507. Plaintiff's disability is not obvious, and, prior to September 2022, Defendants were not made aware that Plaintiff is or claims to be disabled and unable to walk any appreciable distance due to the alleged mobility issues. Defendants regularly observed Plaintiff walking, without assistance, from his home to the community office, a distance of approximately four (4) blocks, to pay his lot rent.

4

Defendants regularly observed Plaintiff walking, almost daily, to the community mail boxes which are located substantially further from the front door of Plaintiff's home than is the designated accessible parking bay with access aisle nearest to bis home.

On September 12, 2022, Defendants sent a letter to all residents advising them of the repaving project, designating the anticipated dates during which the streets in each phase of the project would be under construction and impassable, and advising the tenants where alternate parking would be available for them while their particular street was impassable. Each phase of the repaving project was expected to take approximately one week. Plaintiff's street was to be repaved between September 26 and September 29, 2022.

On September 22, 2022, Heather Viehman, Regional Manager, responded to a telephone message left by Plaintiff. She explained in her message to Plaintiff that he would not be given a designated, temporary parking space during the time his street would be impassable. Plaintiff returned Ms. Viehman's call and stated that he had not called about the temporary parking issue, but rather to complain about the rude

attitude of the management staff and to report that a notice had been taped to his back door despite his prior request that notices be tacked to his front door. Plaintiff stated that he had no problem with finding a temporary parking space earlier that morning. Plaintiff concluded his message with a statement that he was glad the roads were being repaved.

The repaving project was completed by early October and stripes were painted on the newly paved roads. The striping of the parking spaces was completed during the first week of October 2022. The number of designated accessible spaces and access aisles provided in the community are in conformance with fair housing requirements. Defendants soon realized that Plaintiff was utilizing two parking spaces that were not designated as accessible parking and that he was not using the designated accessible parking space which had an access aisle and was located approximately ten (10) feet away from Plaintiff's usual parking spaces.

On or about October 25, 2022, Plaintiff was issued a Notice of Rule Violation for "double parking" because Plaintiff continued to park in

6

the middle of two parking spaces across the street from his home. Plaintiff immediately called the community office and left a message stating that he had regularly parked in that manner before the repaving project. Plaintiff also complained about what he perceived as rude conduct by the maintenance person. Kelly Magar, Community Manager, responded to Plaintiff's phone message and stated that prior to the repaving project, the lines had not been there (were not readily visible), but now that the parking areas are newly striped, cars must park within the lines. A second Notice of Rule Violation was issued to Plaintiff on October 31, 2022. Defendants never issued to Plaintiff a 30-day Notice to Quit and never initiated eviction proceedings. On October 31, 2022, the Community Manager sent Plaintiff an email stating that there is an accessible parking space with an access aisle that he is welcome to use. She also stated that she would look into adding a second accessible parking space.

In November 2022, Plaintiff tendered to Defendants a letter from Michigan Neurology Associates, dated October 28, 2022, which stated that Plaintiff needs a handicap parking space for his multiple conditions. No additional information was provided in that letter.

Plaintiff tendered a second letter, dated November 1, 2022, from Michael Plocinik, a physician assistant who is employed at a family medical office, Mr. Plocinik asserted that Plaintiff needs to park in the middle of two (2) parking spaces because he needs extra room to get in and out of his car. The letter from Mr. Plocinik did not assert that Plaintiff was unable to walk to the existing accessible parking space, located approximately ten (10) feet from the parking spaces where Plaintiff was double parking.

Based on Defendants' prior observations regarding Plaintiff's ability to walk to the community office and mail boxes, the absence of any suggestion in the letters from Michigan Neurology Associates and Mr. Plocinik that Plaintiff was unable to walk an additional ten (10) feet to the accessible parking space which has an access aisle, Defendants did not believe that Plaintiff's request that he be permitted to park in the middle of the two parking spaces across the street from his home was reasonable accommodation request. Defendants determined that the existing assisted parking space with an access aisle met his needs.

An additional letter dated December 7, 2022, from Kenneth Scott, MD, at Henry Ford Macomb Washington Township Orthopedics was provided to Defendants. Dr. Scott's letter stated that Plaintiff needs an extra wide parking space so he could get in and out of his car and that Plaintiff also needs a parking space nearest to his front door. This letter was inconsistent with Defendants' observations, made over an extended period of time, regarding Plaintiff's ability to walk distances. The existing accessible parking space with an access aisle was again determined to be adequate to meet Plaintiff's needs.

On November 29, 2022, Plaintiff was informed, through his counsel, that the letters did not indicate a need for Defendants to relocate the accessible parking spot closer to his home. Defendants have not received any credible confirmation that Plaintiff has a mobility impairment that strictly limits the distance that he is able to walk. Defendants have not received any credible confirmation that the existing accessible parking space does not meet Plaintiff's needs.

5. **Legal Issues:** The case involves only factual disputes; there are no legal disputes.

6. **Amendment of Pleadings:** Plaintiff contemplate filing amended pleadings to include additional defendants. Defendants contemplate filing an amended Answer.

7. **Discovery:** In accordance with FRCP 26(f)(3)(B), the parties agree that discovery will be conducted on the allegations and claims set forth in Plaintiffs' Complaint and the denials and defenses raised in Defendants' Answer. The parties anticipate propounding interrogatories, requests for production of documents, and requests for admissions as authorized by the Federal Rules and to issue subpoenas to third parties. The parties also intend to conduct the depositions of the parties and other relevant witnesses as discovery may disclose. The parties anticipate serving written discovery upon each other very soon. Discovery will be completed by July 31, 2023.

8. **Electronic Discovery:** None

9. **Settlement:** The parties are optimistic that a settlement agreement will be reached. No Case Evaluation or Alternative Dispute Resolution appears to be necessary. Note that Defendant Madeleine Stanfield has been defaulted. Defendant Kelly Magar refused to accept service of

process by certified mail, so attempts at service of process by other means are currently underway. It is unknown how likely this Defendant is to settle.

10. **Consent:** The parties consent to the jurisdiction of a United States Magistrate Judge as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

11. **Trial:** No party has requested a jury trial, so a bench trial is presumed. It is estimated that a trial will take two days. The parties can be ready for trial as early as October 1, 2023.

12. **Miscellaneous:** Note that not all defendants have been served.

Respectfully submitted,

LEGAL SERVICES OF EASTERN MICHIGAN
Counsel for Plaintiff

By: */s/ Steven Shelton* (P68652)
436 S. Saginaw Street
Flint, MI 48502
810-991-4820
Fax: 810-991-4820
SShelton@LSEM-MI.org

Dated:  April 28, 2023

SWISTAK & LEVINE, P.C.
Counsel for Defendants

By: */s/ Janet Swistak* (P24831)
30833 Northwestern Highway
Suite 120
Farmington Hills, MI 48334
248-851-8000
jswistak@swistaklevine.com

Dated:  April 28, 2023

Swistak & Levine, P.C.
Counsel for Defendants

By: */s/ Jenni Scheid (P64886)*
30833 Northwestern Highway
Suite 120
Farmington Hills, MI 48334
248-851-8000
jswistak@swistaklevine.com

Dated:  April 28, 2023