UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE KAATZ,           CASE NO. 23-CV-10604
    Plaintiff,          HON. LAURIE J. MICHELSON

v.          MAG. JUDGE KIMBERLY G. ALTMAN

KINGSBROOK M.H.C., LLC,
(d/b/a "Kingsbrook Estates MHC, LLC"),
KINGSBROOK MHC-MICHIGAN, LLC,
(d/b/a Kingsbrook Estates MHC, LLC)
and MADELEINE STANFIELD,
KELLY MAGAR and HEATHER VIEHMAN,
    Defendants.

---

**Plaintiff's Attorney**:

Legal Services of Eastern Michigan
Steven E. Shelton, P68652
Nikola Lucic, P79706
436 S. Saginaw Street
Flint, MI 48502
Tel. (810)991-4820
Fax (810)553-9824
Email: SShelton@LSEM-MI.org

**Defendants' Attorneys, for**:
Kingsbrook Estates MHC, LLC,
Kingsbrook MHC-Michigan, LLC,
and Heather Viehman

Swistak Levine, P.C.
By: Janet Swistak, P24831
30833 Northwestern Hwy., Ste. 120
Farmington Hills, MI 48334
Tel. (248)851-8000
Email: jswistak@swistaklevine.com

**Defendants' Attorneys, for**:
Madeleine Stanfield and Kelly Magar

Westbrook & Mazey, P.C.
By: Scott L. Mazey, P48693
117 S. Main Street, P.O. Box 690
Almont, MI 48003
Tel. (810)798-0022
Fax (810)798-8285
Email: MazeyScott@gmail.com

---

**DEFENDANTS STANFIELD AND MAGAR'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO ENTER DEFAULT JUDGMENT**

1

NOW COME defendants Madeleine Stanfield and Kelly Magar, by and through their attorney, Scott L. Mazey, and they file this Brief in response to the Plaintiff's Motion to Enter a Default Judgment against each of them, and they state as follows:

## ISSUES PRESENTED

This case essentially involves a parking spot dispute at a mobile home park during a time period where the roads in the park were being re-paved.

Plaintiff's Complaint couches this dispute as being a violation of Michigan's Persons with Disabilities Civil Rights Act and the Fair Housing Amendments Act.

The two defendants involved herein are Madeleine Stanfield and Kelly Magar, and they are mother and daughter.

Defendant Stanfield was employed by co-defendant Kingsbrook Estates (a mobile home park) as the Park Manager from approximately 2015 to March or April of 2021, when she retired from that position.

Defendant Magar was employed by co-defendant Kingsbrook Estates as the Park Manager (taking over the position her mother left) from March or April of 2021 until November of 2022, when her employment there ceased.

Plaintiff seeks entry of a Default Judgment against these two defendants, in their individual capacities.

## **CONTROLLING AUTHORITY**

Fed. R. Civ. P. 55

L.R. 55.2 (Eastern District of Michigan)

At all times relevant hereto, these two defendants, Stanfield and Magar, were acting as the employees and/or agents of co-defendant Kingsbrook Estates, in their capacity as "Park Manager", and were merely following the orders from their superiors, being the Regional Manager and/or the managing member of the LLC that owns the mobile home park.

Evidently a settlement has been reached between the plaintiff and the other defendants in this matter. Plaintiff has not seen the Release in that settlement to see whether these defendants are also covered by the Release as former employees and/or agents of defendant Kingsbrook Estates.

There is no specific sum of money (sum certain) requested in the Plaintiff's Complaint.

Plaintiff's counsel cannot calculate plaintiff's alleged damages into a sum certain when plaintiff's alleged damages are speculative and subjective.

Similarly, plaintiff's counsel cannot calculate plaintiff's alleged punitive and/or exemplary damages into a sum certain.

Plaintiff asserts these defendants are not taking this matter seriously. However, that is not true. After these defendants were served with the Summons and Complaint in this matter, they contacted the owner of their former employer, Ara Darakjian, who informed them that the company would take care of their defense, and that they did not need to hire their own lawyer.

Federal Rules of Civil Procedure, Rule 55, provides that a hearing is required to determine the amount of damages, and to establish the truth of the allegations by evidence, in an instance such as this where a default judgment is being requested when a sum certain is not involved. *See* Fed. R. Civ. P. 55 (b)(2)(B)(C)

Defendants intend to file a Motion to Set Aside the defaults previously entered against them in this matter.

Defense counsel has sought concurrence from plaintiff's counsel to an Order setting aside the defaults previously entered in this matter, however no reply has been received yet.

Plaintiff's Affidavit attached in support of his Motion states at <u>ECF No. 23, PageID 181-182</u>, the following:

"31. On **November 7, 2022**, my attorney (Steven Shelton) contacted Ms. Magar and attempted to explain to her why I need this accommodation. She refused to discuss it with him, <u>referring him to the company's attorney</u>.

32. On **November 9, 2022**, Mr. Shelton sent a letter to the company's attorney (Jarrett Levine), explaining the situation and **asking them to resolve the matter within 20 days**. He included a copy of the letter from my doctor at Henry Ford.

33. The <u>attorney's office did not respond for more than</u> **two weeks** . . . .

35. It was not until **March 14, 2023** - when I filed a lawsuit against Kingsbrook Estates, Ms. Stanfield, Ms. Magar, and Ms. Viehman and received a court order requiring them to let me double-park and ordering them not to evict me - that I got any relief from the emotional distress caused by."

(Emphasis added)

All of these time periods cited by Plaintiff came well after defendant Stanfield was retired as the Park Manager, and during the very last month of employment of defendant Magar as the Park Manager.

Thus, both of these defendants were no longer employed by the Kingsbrook Estates mobile home park on the dates cited in plaintiff's Affidavit when this matter was trying to be amicably resolved with the defendants' superiors.

Entry of a Default Judgment against defendants Stanfield and Magar is not appropriate at this time, and for the sums being requested by the plaintiff, and the Court should deny the relief requested by the plaintiff in his Motion.

**WHEREFORE**, defendants Stanfield and Magar respectfully request that the plaintiff's Motion for Entry of a Default Judgment be denied, as the relief requested is speculative and subjective, and they request that the Court set this matter for a Hearing to establish the amount of plaintiff's damages, if any, and to require establishment by the plaintiff of any damages alleged by the production of evidentiary proofs supporting same.

    Respectfully submitted,

    Westbrook & Mazey, P.C.

    /S/ Scott L. Mazey

    _____
    By:  Scott L. Mazey, P48693
    117 S. Main Street, P.O. Box 690
    Almont, MI 48003
    Tel. (810)798-0022
    Fax (810)798-8285
    Email:  MazeyScott@gmail.com

Dated: 10/19/2023